# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. KELLEY, JR., | Case No. 1:17-cv-00278- EPG-HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| CORCORAN STATE PRISON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein he challenges the California Department of Corrections and Rehabilitation's calculation of his sentence.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.

Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claim that he raises in the instant petition, the Court cannot proceed to the merits of that claim. 28 U.S.C. § 2254(b)(1). Here, it appears that Petitioner has not presented his claim to any state court. (ECF No. 1 at 8–9).[1] It is possible, however, that Petitioner has presented his claim to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner shall show cause why the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **March 9, 2017**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2